[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested dissolution of marriage action. The defendant has filed a cross-complaint.
The parties intermarried at New Britain, Connecticut on September 20, 1969. The plaintiff has resided continuously within Connecticut for longer than one year next preceding the date of the complaint. There are no minor children issue of the marriage. There were two children issue of the marriage, who are now approximately 27 and 25 years of age. Neither party is receiving state or local welfare assistance.
The Court finds the allegations of the complaint to have been proven, finds that the marriage has broken down irretrievably and orders that it be dissolved on said grounds.
In entering its orders as to alimony and distribution of CT Page 10551 assets the Court is cognizant of and has given consideration to the provisions of Connecticut General Statutes §§ 46b-81 and46b-82.
This is a 28 year marriage. Both parties have been steadily employed throughout its term. The defendant (age 49) is a retired firefighter with the City of Hartford and, during his working years usually held a part-time job as well.
The plaintiff (also age 49) is a registered nurse, presently working for Baxter Health Care Corp. as a clinical specialist-establishing dialysis programs.
While her employment was part-time while the two sons the parties had were young, she essentially has worked either full or part-time throughout most of the marriage.
The parties had disagreements over family finances. They tried marriage counseling on two occasions, but that was unsuccessful and their estrangement ultimately led to the conclusion that their marriage was no longer viable.
The plaintiff currently earns almost $53,000 annually (gross). She is also provided with a company car. She pays her employer $30 per week for the privilege of using that vehicle for her own personal use-thus she has no automobile expenses beyond the $30 per week.
The marital home was sold and the net proceeds of that sale (approximately $1000) is being held in escrow.
The parties are joint owners of a two family investment property in Rockville. That property was not a good investment and presently has a fair market value of approximately $40,000 less than the existing mortgage.
The plaintiff's health is problematic. She has phlebitis and has had four hospitalizations for that condition, most recently in April 1997 for eight days. She was out of work for about one month at that time. This is a chronic condition which could easily recur. In addition she is not vested in a retirement plan at Baxter and will not be vested for a couple of years. She has had two prior lay offs from Baxter and her future there is not assured. CT Page 10552
The defendant is in good health. Since he retired in 1994 he has not worked. He gets a retirement income of $42800 annually. There are no cost of living provisions in his plan so he will get that amount as long as he lives. He has relocated to Florida and is renting a home there. He lives with a female friend who, he testified, is presently unemployed and not contributing to the household expenses in Florida. (He also purchased four years of military time for $10,000 — which is reflected in his retirement pay).
The defendant has no savings. The plaintiff inherited approximately $72000 in 1995, although a substantial portion of that has been spent. She purchased a condo (with a present equity of $21000), lent some to her son, and invested some. She does own stock worth approximately $17500, a money market account with $10000 and a mutual fund (IRA) of $4000.
The plaintiff claims the defendant's pension has a present value of $562000 and, that as a marital asset, it should be divided. The defendant argues that this pension does not fall under ERISA rules and it cannot be divided. He argues that it can only be reached if alimony is ordered and that alimony is not indicated since the plaintiff's income (and assets) are greater than the defendants.
The defendant, however, has the opportunity to acquire future assets and income, and the Court believes he is likely to do so, once this case is decided. He is 50 years old and in good health, and has earning capacity. The plaintiff, while presently employed and able to be self sufficient is vulnerable to changes in her health and the vagaries of her employment, including the uncertainty of retirement income beyond modest social security benefits. The length of this marriage requires her to have some protection for the future. Also, the defendant's investment schemes were a contributing factor to the financial problems which were a significant cause of the breakdown.
The purchase of the tenement in Rockville was a cause of stress. The plaintiff was not in favor of the purchase, but the defendant persisted and it turned out to be costly as well as a loss in value. The defendant also invested (with a friend) in a business called Rite-Line in 1990. That also failed but the expenses of the business took money needed for their son's wedding for instance, which also added stress to the marriage. CT Page 10553
Accordingly, the parties shall be responsible for the expenses of the Rockville property 65/35, with the defendant responsible for 65% of the costs, including taxes, insurance, mortgage and maintenance.
The defendant shall pay alimony in the amount of $1.00 per year which may be modifiable upon a substantial change in circumstances (i.e., the plaintiff's loss of employment or inability to work), and also modifiable if the defendant incurs liability from the School Skeet, Rockville property of more than 40%. The Court has taken into consideration the $10000 of marital assets used by the defendant to purchase four years of military service-now reflected in his income, the retention and disposition by the defendant of a 24' Bayliner boat and trailer, a Kawasaki motorcycle, a 1988 Honda automobile, a jacuzzi, and a garden tractor.
The defendant shall retain the Honda vehicle and any other vehicle(s) in his possession and shall hold the plaintiff harmless therefrom.
The plaintiff shall retain her savings and stocks as shown on her financial affidavit.
The parties shall be responsible for the debts as listed on their financial affidavits (unless otherwise addressed in this decision).
The escrow funds from the sale of the marital home shall be divided equally between the parties.
The fire helmet which belonged to the plaintiff's grandfather shall belong to the plaintiff.
Each party shall be responsible for his or her own attorney's fees.
Klaczak, J.